COMPLAINT UNDER 42 USC §1983, CIVIL RIGHTS ACT-TDCJ (Rev. 7/97)

RECEIVED
MAY 1 2 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE **WESTERN** DISTRICT OF TEXAS
**SAN ANTONIO** DIVISION

FILED
JUN 1 8 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
    DEPUTY CLERK

**THOMAS KING 896411**
Plaintiff's name and ID Number

**TDCJID TORRES UNIT**
Place of Confinement

CASE NO. **SA03CA0387 RF**
(Clerk will assign the number)

V.

**McCRUM C.O. III TORRES UNIT 125 FR 4303 HONDO, TX 78861**
Defendant's name and address

**ORTIZ C.O. III TORREZ UNIT 125 FR 4303 HONDO, TX 78861**
Defendant's name and address

**STEVENSON ASSISTANT WARDEN TORRES UNIT 125 FR 4303 HONDO, TX 78861**
Defendant's name and address
( DO NOT USE "ET AL.")
**KELLI WARD - REGIONAL DIRECTOR P.O. BOX 99 HUNTSVILLE, TX 77342**

I.  PREVIOUS LAWSUITS:

   A. Have you filed *any* other lawsuits in state or federal court relating to your
      imprisonment?        ___YES  ✓NO

   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than
      one lawsuit, describe the additional lawsuits on another piece of paper, giving the same
      information.)

      1. Approximate date of filing lawsuit:_____

      2. Parties to previous lawsuit:
         Plaintiff(s)_____
         Defendant(s)_____

      3. Court (If federal, name the district; if state, name the county)_____

      4. Docket Number: _____

      5. Name of judge to whom case was assigned:_____

      6. Disposition: (Was the case dismissed, appealed, still pending?)
         _____

      7. Approximate date of disposition:_____

ATC1983 (Rev.04/98)                           2

6,

II. PLACE OF PRESENT CONFINEMENT: TORRES UNIT

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution?  ✓YES ___NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Thomas King #896411 TORRES UNIT 125 PR 4303 Hondo, TX 78861

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: McCrum C.O.III, TORRES UNIT, 125 PR 4303 Hondo, TX 78861
filing false state documents (offense report) giving false testimony
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #2: Ortiz C.O.II, TORRES UNIT, 125 PR 4303 Hondo, TX 78861
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
giving false testimony

Defendant #3: Stevenson - Assistant Warden, TORRES UNIT, 125 PR 4303 Hondo, TX 78861
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
failure to investigate offense, failure to grant access to disciplinary tape

Defendant #4: Kelli Ward - Regional Director, P.O. #1 Huntsville TX 77342
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Denying my right to proper procedures - fair hearing

Defendant #5: _____
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On August 7, 2002 at approximately 4:40 AM, Officer McCrum C.O.III entered my

ATC1983 (Rev.04/98)                                3

assigned living quarters, a 5'x10' "cubicle" in the Torres unit "5" building "N" wing dormitory, while I was asleep. Officer McCrum kicked the metal locker attached to the metal bunk which I was sleeping on. I awoke disoriented and afraid to see someone hovering over my bunk less than 2 feet from my head. I cursed at the officer and told him to back up away from me. He ordered me to get up out of bed and I refused, told him he needed to back up and give me some space. I argued with the officer and used profane language but I never threatened him. The officer, McCrum CO III, abused his authority by filing a falsified offense report in which he claims I got up out of bed with my fists clenched and told him "I'm going to kick your fucking ass if you don't get out of my cell." (which is obviously a fabricated statement as this incident did not even occur in a cell!). Officer Ortiz CO III testified at the disciplinary hearing and his statements generally coorbotated McCrum's though there were some details that thier stories did not match. Officer Ortiz stated that I

was already awake when the officers approached me. Officer Ortiz stated that when I got out of my bunk it was to comply with his order to submit to a strip search. (Officer McCrum stated I rose up out of bed to threaten him.) Officer Ortiz gave false testimony and stated that I did threaten Officer McCrum. I had the statements of 3 offenders which witnessed the incident. Captain Gifford, the Disciplinary Hearing Officer ignored these statements and my own when he found me guilty. I requested to have a chance to review the disciplinary hearing Tape to prepare my appeal but I was never given such an opportunity. Assistant Warden Stevenson did not investigate any of my claims in my Step I appeal and merely gave me a boilerplate response. Kelli Ward reviewed my Step 2 and did not note that my not having access to the Tape of the hearing was a procedural error. The administration's final decision was that if I was using profane language (which I admit) then I must've also threatened the officer. (which I deny)

I believe that if the officer had use used proper procedure to waken me that this incident would never have occurred. The officer's closeness to me, towering over me when I awoke was a shock; I felt threatened, and I cursed at him. I did not threaten the officer, however, I was dropped in Time earning class from SAT 3 to Line I and 99 days good time were Taken.

VI. **RELIEF:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Restoration of SAT 3 and 99 days good time - overturn conviction in disciplinary case. (An order for TDCJ-ID to overturn it.)

VII. **BACKGROUND INFORMATION:**

   A. State, in complete form, all names you have ever used or been known by including any and all aliases:
   Thomas King, Tommy, Jason King

   B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.
   566567 (TDC)   666646 (TDC)   896411 (TDC)

VIII. **SANCTIONS:**

   A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ___YES  ✓NO

   B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

      1. Court that imposed sanctions (if federal, give the district and division): _____
      2. Case Number: _____
      3. Approximate date sanctions were imposed: _____
      4. Have the sanctions been lifted or otherwise satisfied?  ___YES ___NO

   C. Has any court ever warned or notified you that sanctions could be imposed? ___YES ✓NO

   D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer

ATC1983 (Rev.04/98)                  4

the same questions.)

1. Court that imposed warning (if federal, give the district and division): _____
2. Case Number: _____
3. Approximate date warnings were imposed: _____

Executed on: 3/7/3
    DATE

_____
(Signature of plaintiff)

## PLAINTIFF'S DECLARATIONS

1  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $150 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this ___7___ day of __March__, ~~19~~ 2003
       (Day)              (month)         (year)

_____
(Signature of plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.**

ATC1983 (Rev.04/98)                 5

Texas Department of Criminal Justice

# STEP 1
## PASO 1

**OFFENDER GRIEVANCE FORM**

Forma Para Quejas de los Preso

Offender Name: Thomas King       TDCJ # 896411
Unit: TE                         Housing Assignment: B 117
Unit where incident occurred: TE

**OFFICE USE ONLY**
Para Uso De La Oficiana Solamente

Grievance #: 2002300458
Date Received: 9-9-02
Date Due: 10-19-02
Grievance Code: 440 421
Investigator Number: IO563

☐ EM  ☐ UOF  ☐ MED
☐ ADA ☐ PEL  ☐ SSI

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _____ When? _____
What was their response? _____
What action was taken? _____

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

This grievance is an appeal of disciplinary case # 20020316274. I am arguing that my procedural rights in this case have been violated. I am also arguing that the evidence used by the DHO to find guilt was not credible, that there was not a preponderance of credible evidence. I am also arguing that the penalty imposed by the hearing officer was too severe. Today is Friday, August 6th, 2002 and I will be filing this appeal later today as tomorrow will be 15 days exactly from the date of the disciplinary hearing. I requested access to the tape recording of the disciplinary hearing in order to prepare my appeal but no such opportunity has been provided to me. The Disciplinary Rules and Procedures for Offenders (GR-106) states in Section XI, subsection B that "The offender shall have access to the tape recording of the disciplinary hearing to assist in preparing an appeal." I submit that my procedural rights have been violated by the administration's failure to grant such access. I also requested certain documentation as evidence at my hearing which the disciplinary hearing officer refused to hear, which is also a violation of my procedural rights. The disciplinary hearing officer found me guilty based upon the officer's report and the officers' testimony. The disciplinary hearing officer did not weigh the evidence presented fairly or impartially, the evidence he based his finding of guilt upon was not credible. Officer McGovern and Officer Ortiz gave false testimony against me at this hearing. The officer's accounts of the details of the incident were conflicting. One officer states that he woke me up by tapping on my cubicle wall and that he was standing inside my cubicle when I awoke. The other officer states that I was already awake when the officers approached my cubicle and that they remained outside the cubicle. One officer states that I jumped up out of bed with my fists clenched and threatened him. The other officer states that when I got up out of bed it was to comply with his

I-127 Front (9/1/1999)           PLEASE SIGN ON BACK                    (OVER)

...order to submit to a strip search. These officers gave testimony which was obviously fraudulent and as such not credible. The disciplinary hearing officer did not weigh the evidence impartially as I offered evidence which was not frivolous and pertinent which he ignored. The disciplinary hearing officer imposed harsh penalties upon me with no consideration to the mitigating circumstances. I admit I was belligerent with the officer who woke me up and that I used vulgar language. I never threatened the officer. The disciplinary hearing officer should have taken into consideration the fact that I was half asleep and not fully conscious. The penalty imposed was too severe. I was reduced in class from S3 to "Line I" and lost 99 days good time for an incident which occurred at 4:45 AM while I was half asleep.

Action Requested to Resolve your Complaint.
Reversal of finding of guilt in this case and removal of the case from my record. Restoration of class and good time taken pursuant to this offense.

Offender Signature: [signed] Thomas K___    Date: 9-6-2

Administration's Decision

☐ Mandatory referral to IAD (Grievance worksheet attached)

☐ No action warranted (Explain).

A review of Major Disciplinary Case #20020316274 found you had attended your hearing and presented your defense at that time. Officer McCrum CO III provided sufficient evidence on the I-210 Offense Report to substantiate the finding of guilt. No procedural errors were found and punishment was within guidelines. This office could find no reason to warrant overturning this case.

GEORGE STEPHENSON, ASSISTANT WARDEN

Signature Authority: [signed]    Date: SEP 3 0 2002

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step 1 response. State your reason for appeal on the Step 2 form.

Returned because:

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days*
☐ 3. Original not submitted*
☐ 4. Inappropriate/excessive attachments*
☐ 5. No documented attempt at informal resolution.*

☐ 6. No requested relief is stated.*
☐ 7. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.
☐ 8. The issue presented is not grievable.
☐ 9. No remedy exists.
☐ 10. Illegible/Incomprehensible*
☐ 11. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

*You may resubmit this issue once corrections are made.

I-127 Back (9/1/1999)    UGI: _____



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: Thomas King            TDCJ # 896411
Unit: TE          Housing Assignment: B-117
Unit where incident occurred: TE

**OFFICE USE ONLY**
Grievance #: 2003004556
UGI Recd Date: 10/17/02
HQ Recd Date: _____
Date Due: 11-11
Grievance Code: 410/421
Investigator ID #: I-0831
Extension Date: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be specific).** *I am dissatisfied with the response at Step 1 because...*

The administration's decision/response to my Step 1 appeal appears to be a boilerplate standard issue response. I do not think any of my claims in the step one were investigated.

The administration's decision states that the charging officer provided sufficient evidence on the I-210 offense report to substantiate the finding of guilt. The only way that this statement could be valid would be if the offense report were the only evidence presented. The purpose of a disciplinary hearing is to hear a presentation of all credible non-frivolous evidence and weigh this evidence. I presented credible, non-frivolous evidence which refuted the claims of the charging officer, in the form of statements; mine, as well as three other offenders who witnessed the incident. I called upon another officer who was present during the incident and his testimony conflicted in several areas with the testimony and allegations of the charging officer. I submit that these conflicts in the two officer's versions of the incident are indicative of their false testimony and that their testimony should not be considered credible. The administration's decision on my step one is that the offense report alone is sufficient proof of my guilt. I submit that this is a severe violation of my procedural rights; this statement here basically says that once an officer writes a case, a person is guilty.

I feel my procedural rights were violated by the administration also by not permitting me access to the tape made of the

I-128 Front (Revised 9-1-2001)        YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM        (OVER)

disciplinary hearing so that I could prepare my appeal. I requested to be given access to the tape of the hearing during the hearing in the presence of my Council Substitute and Captain Gifford. I was never given such an opportunity. This is a violation of my right to due process (my procedural rights.)
I requested several forms be available for use as evidence at the hearing such as the Use of Force forms filed pursuant to this offense, but Captain Gifford stated that putting restraints on offenders is not a use of force and denied the section of the use of force plan which shows what constitutes a use of force from being presented as evidence. (This was also a violation of my procedural rights.) 10-3-2002

Offender Signature: _Thomas Kim_  Date: 10-3-2

Grievance Response:

Major Disciplinary Case #20020316374 has been reviewed by this office. You were present at your hearing and provided your defense. You have admitted to the use of profane language in the duration of this incident. The preponderance of credible evidence was sufficient indicating that you did make this comment to the charging officer. Your disciplinary documentation has been reviewed and no valid reason was found to overturn the decision of the hearing Officer. The evidence used was both proper and sufficient to support a finding of guilt. There were no procedural errors noted. The punishment was within established guidelines. No further action is warranted regarding this issue. -jw

Signature Authority: _Kelli Ward_  Date: OCT 2 3 2002

Kelli Ward

Returned because: *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 6. Inappropriate. *

CGO Staff Signature: _____

I-128 Back (Revised 9-1-2001)

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | CGO Initials:_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **2nd Submission** | CGO Initials:_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **3rd Submission** | CGO Initials:_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender | |